LEAR, Judge.
Plaintiff brings suit in compensation alleging injury and resultant disability.
Inasmuch as we find no error whatsoever in the conclusions of the trial court, we are adopting his reasons for judgment:
“This is an action seeking workmen’s compensation benefits.
“The plaintiff contends that while in the course and scope of his employment with the defendant on October 29, 1965 he suffered accidental injuries when a board on a rip saw kicked back and hit him in his testicles, injuring him there and causing him to fall back against a steel conveyer belt and injure his lower back.
“The defendant does not deny the accident sustained by the plaintiff but contends that he received minor injuries for which he was paid compensation benefits and that he was able to return to work on November 15, 1965 without any residual disability.
“The Court is of the opinion that the plaintiff has recovered from whatever injuries he received in the accident of October 1965. It may be true that plaintiff had some condition for which he was treated by Dr. Hines until June of 1966. However, it is quite clear to the Court that this condition that Dr. Hines treated was an illness and not in anywise related to the accident which the plaintiff sustained.
“Not only is the burden of proof upon the plaintiff to prove that he sustained accidental injuries during the course and scope of his employment but the burden of proof is also upon the plaintiff to prove that any medical condition which he suffered resulted from an accident within the course and scope of his employment. The Court finds that plaintiff has failed to sustain his burden of proof in this respect.
“There is judgment herein in favor of the defendant rejecting the demands of the plaintiff at his cost.”
*744 For the reasons above assigned, the judgment of the lower court is hereby affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.